ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| INNOVATIVE HEALTH CARE SOLUTIONS, LLC | ) |
| Plaintiff | ) |
| v. | ) Case No.: 3:16-CV-444-JHM |
| KRISTEN BRANNON and<br>MAGNOLIA HEALTH SOLUTIONS, LLC | ) |
| Defendant | ) |
| **AND** | ) |
| KRISTEN BRANNON and<br>MAGNOLIA HEALTH SOLUTIONS, LLC | ) |
| Counterclaim Plaintiffs | ) |
| v. | ) |
| INNOVATIVE HEALTH CARE SOLUTIONS, LLC<br>ROBIN CAMPBELL<br>TROY A. GUINN | ) |
| Counterclaim Defendants | ) |

## NOTICE OF REMOVAL

Counterclaim Defendant, Robin Campbell ("Campbell"), by counsel and pursuant to 28 U.S.C. § 1441, hereby gives notice of the removal of the above-styled action to this Court. In support of her Notice of Removal, Campbell states as follows:

1. There is now pending in the Jefferson Circuit Court, Jefferson County, Kentucky, a civil action styled as captioned above, under case number: 16-CI-01435. A copy of the Jefferson Circuit Court file for this action, including all process, pleadings, and orders served

on Campbell as of the date of the filing of this Notice of Removal is attached hereto as collective Exhibit A.

2. Plaintiff Innovative Health Care Solutions, LLC ("Innovative") initiated this action through its Complaint against Kristen Brannon ("Brannon") and Magnolia Health Solutions, LLC ("Magnolia"). Innovative's Complaint alleges breach of contract based on violations of the restrictive covenants of two agreements entered into between Innovative, Brannon, and Magnolia.

3. On April 27, 2016, Brannon and Magnolia filed their initial Answer, Defenses, and Counterclaims Demanding Jury Trial, asserting a three count counterclaim against Innovative and adding two additional Counterclaim Defendants, Campbell and Troy Guinn ("Guinn"), not initially parties to this action. The counterclaims asserted therein are for: (1) breach of contract and the implied covenant of good faith and fair dealing, (2) tortious interference with contract, and (3) a declaration of rights.

4. On June 7, 2016, Brannon and Magnolia filed their First Amended Answer, Defenses, and Counterclaims Demanding Jury Trial. In addition to the three counts listed above, Brannon and Magnolia added two additional counterclaims against Innovative, Campbell, and Guinn. The additional counterclaims asserted violations of 18 U.S.C. § 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as common law fraud.

5. Pursuant to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, removal is proper where this Court has original subject matter jurisdiction and the removal is

timely filed.

6. Here, this Court has original subject matter jurisdiction according to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Pursuant to 28 U.S.C. § 1441(c):

> If a civil action includes – a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), . . . the entire action may be removed . . . .

8. Count I of the counterclaims asserted by Brannon and Magnolia in their First Amended Answer, Defenses, and Counterclaims Demanding Jury Trial alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), "aris[ing] under [18 U.S.C. §] 1964(c)." RICO claims, by definition, arise under the laws of the United States.

9. 18 U.S.C. § 1964(c) states that "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . ." Thus, this Court has original subject matter jurisdiction over the RICO claims asserted by Brannon and Magnolia in Count I of their counterclaims.

10. Third-party defendants and counter-defendants, other than the original state court plaintiffs, like Campbell and Guinn, are afforded "the opportunity of § 1441(c) removal to federal court, to which they could have removed when sued alone." *Texas by & Through Board of Regents of the Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998). *See, also, H & R Block, Ltd. v. Housden*, 24 F. Supp. 2d 703, 706 (E.D. Tex. 1998) (". . . 28 U.S.C. § 1441(c), allows removal by counterclaim defendants as long as they are not original plaintiffs to the action . . ."); *Bank of Am., N.A. v. Zaskey*, 2016 U.S. Dist. LEXIS 8222, *5 (S.D. Fla. Jan. 25, 2016) ("For the purposes of a removal analysis, a counter-defendant that is an original plaintiff is

a party that invoked the jurisdiction of the state court—a newly-added counter-defendant did not. For this reason, inter alia, there is ample authority that a newly-added counter-defendant may remove an action to federal court under 28 U.S.C. § 1441(c) . . . .")

11. Where an action is removable under 28 U.S.C. § 1441(c), only defendants against whom the claims arising under the Constitution, laws, or treaties of the United States are brought are required to join in or consent to the removal. 28 U.S.C. § 1441(c)(2). Counterclaim Defendants Innovative and Guinn, both of whom have been served at the time of the filing of this Removal, have consented to the Removal.

12. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

13. Pursuant to 28 U.S.C. §1446 (b)(3), when the case stated by the initial pleading is not removable, notice of removal may be filed within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14. Brannon and Magnolia filed their First Amended Answer, Defenses, and Counterclaims Demanding Jury Trial on or about June 7, 2016, and emailed a copy of the same to the undersigned counsel on that date.

15. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed with the Court within thirty days after receipt of the amended pleading based on which this action became removable.

16. Notice of the filing of this Notice of Removal will be given to all parties and the Clerk of the Jefferson Circuit Court in accordance with 28 U.S.C. § 1446(d), and this Notice of Removal is being served per the Certificate of Service.

## CONCLUSION

For the foregoing reasons, Campbell submits that this Court's removal jurisdiction is properly invoked in this action.

Respectfully Submitted,

/s/ R. Kenyon Meyer
R. Kenyon Meyer
Corinne E. Keel
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 540-2300
Fax: (502) 585-2207
kenyon.meye@dinsmore.com
corinne.keel@dinsmore.com
*Counsel for Robin Campbell*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Nolia G. Batey
Batey Law Office PLLC
130 Fairfax Avenue, Suite LL-B
Louisville, KY 40207
nbatey@bateylawoffice.com
*Counsel for Kristen Brannon
and Magnolia Health Solutions, LLC*

Michael W. McClain
MCCLAIN DEWEES, PLLC
6008 Brownsboro Park Blvd., Suite H
Louisville, KY 40207
mmcclain@mcclaindewees.com
*Counsel for Troy Guinn*

/s/ R. Kenyon Meyer
*Counsel for Defendant*